**KENNARD, Plaintiff-Appellant, v. HOME STORAGE & VAN CO,. Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4175.   Decided October 18, 1948.

Edward F. Lynch, Columbus, for plaintiff-appellant.
H. B. Yarnell, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

Plaintiff instituted her action in the Municipal Court of the city of Columbus for damages for the loss of certain articles which had been placed with the defendant in storage. The articles were enumerated and specifically valued in the total sum of $474.86, for which judgment was prayed. Upon issue joined, the cause was tried to a Judge without the intervention of a jury and a finding and judgment was entered on behalf of plaintiff against the defendant in the sum of $379.89 with costs. Thereafter, motion for new trial was filed and sustained, rehearing had, request made for separate findings of law and fact and order entered complying with the request and granting the motion for new trial. The appeal is from the granting of the new trial. It is urged that the action of the Court was contrary to law and in abuse of its discretion and that the order is not sustained by sufficient evidence.

The separate findings of fact and conclusions of law consist of eleven findings of fact and two conclusions of law. The first eight findings of fact relate to the status of the parties, the payment of storage charges, the passing of a receipt for the goods by the defendant, which receipt was unsigned, statements relative to certain packages in the home of the plaintiff which were not to be stored; that some of these packages were not loaded into defendant's van but were placed in plaintiff's auto where they remained for several days, that plaintiff drove to Vanceburg, Kentucky, where she discovered that her property, some of which is the subject of the law suit, was missing; that she then returned to Columbus, notified defendant of her missing property, requested opportunity to search for it, but was denied that privilege. The fourth specific finding of fact is,

"When plaintiff's goods were being loaded from her house into defendant's moving van, certain packages had been segregated for the purpose of being loaded into plaintiff's auto to be taken by her to Vanceburg, Kentucky. **One or more of said packages were, nevertheless, loaded into defendant's moving van by inadvertence, and said inadvertent loading into defendant's van because known to plaintiff almost immediately, and before the van left the premises with her household goods."** (Emphasis ours.)

The ninth finding of fact is,

"On or about October 10, 1946, when plaintiff's goods were delivered to her from storage, the following packages were missing: 1 Carton, 1 Crate, 2 Baskets, 2 Bundles, which contained the following articles: (See petition) These artices were of the reasonable value of $379.89."

Tenth,

"Plaintiff gave defendant immediate verbal notice of the loss of the above described property and demanded· the same from defendant."

Eleventh,

"Upon consideration of the fourth ground of defendant's motion for a new trial; to wit, 'The judgment is not sustained by sufficient evidence and is contrary to law,' the court finds that the evidence tending to show whether the lost property was in the packages delivered to defendant and not redelivered to plaintiff, or in other and similar packages placed in plaintiff's automobile, is inconclusive and unsatisfactory and does not establish the fact of delivery of the missing property to the defendant by a preponderance of the evidence."

Conclusions of law:

(1) The receipt issued to plaintiff by the defendant-warehouse company for her property, not being signed by said company, fails to comply with §8458 GC, and is therefore without effect in fixing the liabilities of the parties as contemplated by the Uniform Warehouse Receipts Act.

(2) The defendant is entitled to a new trial.

That part of the fourth finding of fact which we have emphasized is material because it conforms to the testimony of the plaintiff that the carton, in which were packed some of the articles which she claimed to have lost in storage, was intended to be placed in her automobile but inadvertently loaded into defendant's van. The court, in this finding of fact, explicitly determines that one of these packages was loaded into defendant's moving van by inadvertence, which fact was immediately observed by the plaintiff and before the van left her premises.

The ninth finding of fact is definite to effect that the articles as specified in the petition were not delivered to her from storage and the language, "when plaintiff's goods were

delivered to her from storage", implies that they were in storage. One carton which is listed by the warehouseman and which contained some of the disputed goods is by inclusion found to have been missing on delivery, and further, that the packages missing and designated contained the identical articles described in the petition and that their value was in the sum for which the judgment was entered. Findings four and nine are, in conjunction with the other findings of fact, sufficient in all particulars to support the judgment originally entered on behalf of the plaintiff. Special finding of fact No. 11 is inconsistent and irreconcilable with findings Nos. 4 and 9 and taken together do not permit of the conclusion that the defendant is entitled to a new trial.

The principle controlling is found in Buffalo v. Delaware L. & W. R. Co. 16 L. R. A. N. S. 506, 511, 190 N. Y. 84, 82 N. E. 513.

"While an Appellate Court should harmonize inconsistent findings when it is possible to do so, if they prove irreconcilable, it is the duty of the Court to accept those most favorable to the appellant, as he is entitled to rely upon them in aid of his exceptions."

3 Am. Jur. 463, 5 C. J. S. 1196.

The findings of fact, being so inconsistent as to be irreconcilable, will not overcome the general effect of the judgment in behalf of the plaintiff and will not support the conclusion of law that a new trial should be granted and required, as a matter of law, as to all matters shown to have been considered, that the Court overrule the motion. We likewise must hold that upon the record as it comes to us the motion for a new trial should have been overruled were it not for the fact that there was one ground of the motion, No. 2, Newly discovered evidence, upon which the Trial Judge did not pass.

We, therefore, reverse the order granting the motion for new trial upon the ground assigned in connection with the Findings of fact and Conclusions of Law and remand the cause for further consideration upon the second ground of the motion for new trial not heretofore determined by the Trial Judge. If upon such consideration the Court rules against the defendant on the second ground of its motion for new trial, then it is ordered that the motion for new trial be overruled. If the motion for new trial is sustained, on said second ground thereof, the cause will proceed according to law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.